# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Criminal Action No. 12-cr-00138-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    KENNETH ROYAL WHEELER,

    Defendant.

## ORDER FOR COMPETENCY EXAMINATION AND DETERMINATION

Before the Court is Defendant's Unopposed Motion for Determination of Competency. (ECF No. 12).

The Constitution forbids the trial of a defendant who lacks mental competency. *Indiana v. Edwards*, 554 U.S. 164, 170 (2008). The Court may order a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The test for competency to stand trial asks whether a defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *United States v. Mackovich*, 209 F.3d 1227, 1232 (10th Cir. 2000) (quotations omitted); *see also Drope v. Missouri*, 420 U.S. 162, 171 (1975) ("It has long been

accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."); *United States v. Deshazer*, 554 F.3d 1281, 1286 (10th Cir. 2009).

The Pretrial Services Report prepared in this case indicates that Mr. Wheeler has a history of mental health issues. In the Motion, defense counsel represents that his interactions with Mr. Wheeler lead him to believe that Mr. Wheeler may be suffering from a mental disease or defect that renders him incapable of understanding the nature and consequences of the proceedings against him. Based on these averments, the Court finds that reasonable cause exists under 18 U.S.C. § 4241(a) to order a competency evaluation.

Accordingly, the Court hereby ORDERS as follows:

1. Defendant's Motion for Competency Evaluation (ECF No. 12) is GRANTED;
2. The Defendant shall be committed to the custody of the Attorney General for a psychiatric or psychological evaluation. Pursuant to 18 U.S.C. § 4247(b), "[u]nless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court," which, in this case, would be the facility known as the "Federal Correctional Institution – Englewood" (FCI-Englewood), located at 9595 Quincy Avenue, Littleton, Colorado, 80123. Unless impracticable, the examination shall be conducted by David Morrow or Jeremiah Dwyer, licensed certified psychiatrist(s) or psychologist(s) designated and provided by the Bureau of Prisons;

3. The Defendant shall be committed to the custody of the Attorney General for a period not to exceed 30 days from the date of this Order, unless an extension is requested and granted pursuant to 18 U.S.C. § 4247(b);

4. The licensed or certified psychiatrist or psychologist conducting the psychiatric or psychological examination shall be granted reasonable access to the Defendant to facilitate the psychiatric or psychological examination and to implement the orders of this Court;

5. Defendant is ordered to fully cooperate with the psychiatrist or psychologist for purposes of conducting the psychiatric or psychological evaluation;

6. Pursuant to the provisions of 18 U.S.C. § 4247(c), at the conclusion of the psychiatric or psychological examination of the Defendant, a psychiatric or psychological report shall be prepared by the licensed or certified psychiatrist or psychologist and shall be filed with the Court, and copies shall be provided to counsel for the Government and the Defendant. Such report shall be submitted to the Court within 75 days of the entry of this Order;

7. Pursuant to the provisions of 18 U.S.C. § 4247(c)(1)-(4), the psychiatric or psychological report shall include the following:

   a. Defendant's history and present symptoms;

   b. A description of the psychiatric, psychological, and medical tests that were employed and their results;

   c. The examiner's findings;

   d. The examiner's opinions as to the diagnosis and prognosis; and

  e.  The examiner's opinion about whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense;

8. Pursuant to 18 U.S.C. § 4241(c), after receipt of the report, the Court will, if necessary, hold a competency hearing, to be conducted in accordance with 18 U.S.C. § 4247(d);

9. Counsel shall contact the Court within five days of receipt of the psychiatric or psychological report to set a date for the competency hearing;

10. Pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay resulting from these competency proceedings shall be excluded in computing the time within which trial must commence under 18 U.S.C. § 3161(c); and

11. All currently pending deadlines, including but not limited to the deadline for filing pretrial motions, the final trial preparation conference, and the trial date, are hereby VACATED.

Dated this 5th day of April, 2012.

                BY THE COURT:

                William J. Martínez
                United States District Judge