**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Action No. 12-cr-0138-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    KENNETH ROYAL WHEELER

    Defendant.

---

**ORDER SETTING FORTH BASES FOR DENIAL OF MOTION TO SUPPRESS**

---

On March 22, 2012, the Grand Jury returned an Indictment against Defendant Kenneth Royal Wheeler charging him with the following: (1) Count One - knowingly transmitting in interstate and foreign commerce a communication containing a threat to injure the person of another; specifically, at approximately 12:06 p.m., on or about March 12, 2012, Defendant transmitted from Italy to the United States via the internet social network "Facebook," "wrath commands" to kill law enforcement officers and children in violation of 18 U.S.C. § 875(c); and (2) Count Two - knowingly transmitting in interstate or foreign commerce a communication containing a threat to injure the person of another; specifically, at approximately 1:25 p.m., on or about March 12, 2012, Defendant transmitted from Italy to the United States via the internet social network "Facebook," instructions to kill law enforcement officers, politicians, judges, district attorneys, public defenders and their children in violation of 18 U.S.C. § 875(c).  (ECF No. 7.)

On January 3, 2013, the Court held oral argument on Defendant's Motion to Suppress Fruits of an Illegal Search. (ECF No. 75.) The Court denied the Motion on the record. (ECF No. 83.) The purpose of this Order is to set forth the bases for the Court's ruling.

## I. LEGAL STANDARD

"[T[he defendant has the burden of showing a constitutional infirmity if a search or seizure was carried out pursuant to a warrant. If, on the other hand, the police acted without a warrant, the burden of proof is on the prosecution." *United States v. Esser*, 451 F.3d 1109, 1112 (10th Cir. 2006) (citing *United States v. Maestas*, 2 F.3d 1485, 1491 (10th Cir. 1993). "The warrant-no warrant dichotomy is typically explained on the ground that when the police have acted with a warrant an independent determination on the issue of probable cause has already been made by a magistrate, thereby giving rise to a presumption of legality, while when they have acted without a warrant the evidence comprising probable cause is particularly within the knowledge and control of the arresting agencies." 6 Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 11.2(b) (4th ed. 2009) (quotation marks omitted).

Because it is undisputed in this case that the search being challenged here was executed pursuant to a search warrant, Defendant bears the burden of showing the constitutional infirmity.

## II. FACTUAL BACKGROUND

The instant Motion arises out of a search warrant ("Warrant") issued by Magistrate Judge Gudrun Rice on March 20, 2012 which permitted federal authorities to

seize information and data from the Defendant's Facebook account. (ECF Nos. 75-1 & 78-1.).

Special Agent Gerard Kavanagh submitted an affidavit ("Affidavit") in support of the Warrant. (Aff. (ECF No. 78-1) at 7-18.) Special Agent Kavanagh has been employed as a Special Agent with Immigration and Customs Enforcement Homeland Security Investigations since February 2012 and assigned to the Grand Junction Office. (*Id*. ¶ 2.) The Affidavit stated that, on March 16, 2012, members of the Grand Junction Police Department requested the assistance of Federal agents with regard to threatening posts made by Kenneth Royal Wheeler on his Facebook page. (*Id*. ¶ 5.) The Grand Junction Police Department became aware of these posts when a tip line caller reported the postings. (*Id*.) The caller stated that Wheeler posted a request for someone to kill all of the children at Stepping Stones Daycare, as well as several specific police officers and their children. (*Id*.) The caller reported that Wheeler lives a few blocks from the Stepping Stones daycare. (*Id*.)

The affidavit stated that, on March 19, 2012, Agent Kavanagh compared the photograph from Kenneth Wheeler's Colorado Driver's License to the Facebook profile photographs on the "Kenneth Royal Wheeler" account. (*Id*. ¶ 10.) Agent Kavanagh believed the photographs were of the same individual. (*Id*.) Agent Kavanagh stated his belief that the computers of Facebook were likely to contain material relevant to the threats made in the postings, including stored electronic communications and information concerning subscribers and their use of Facebook, such as account access information, transaction information, and other account information. (*Id*. ¶ 29.)

That same day, United States Magistrate Judge Gudrun Rice approved the warrant. (*Id.*) The Warrant permited the search of "information associated with FACEBOOK Social Networking account located at [www.facebook.com/profile.php?id=1304977903] and under the username of "Kenneth Royal Wheeler" that is stored at the premises owned, maintained, controlled, or operated by FACEBOOK CORPORATION, a Social Media provider headquartered at 1601 Willow Road in Menlo Park, California 94025." (Warrant at 18.) The Warrant allowed for seizure of all contact and personal identifying information for the account, all activity logs, photos uploaded to the account, records of communications sent and received on the account, all "check ins" and uses of the "like" feature, and all other accounts that were "friends" and to which the account was a "fan" of. (*Id*. at 19-20.)

### III.  ANALYSIS

Defendant moves to suppress the evidence obtained by police through the search of his Facebook account. (ECF No. 75.) Defendant does not dispute that the search of his account was conducted pursuant to a warrant. Rather, he contends that the affidavit on which the search warrant was issued did not meet the constitutional requirements and, therefore, all evidence obtained as a result of the search should be excluded. (*Id.*) The Government opposes the Motion. (ECF No.78.)

The Fourth Amendment commands that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized." U.S. Const. Amend IV. "The search warrant requirements of probable cause and particularity serve two

constitutional protections: First, the magistrate's scrutiny is intended to eliminate searches not based upon probable cause, therefore justifying the intrusion into the place to be searched. Second, the particularity provision protects against general, exploratory rummaging through the suspect's belongings." *United States v. Sells*, 463 F.3d 1148, 1153-1154 (10th Cir. 2006) (citing *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971)).

Defendant points out that he is charged with transmitting threats in interstate commerce and argues that, because the Warrant does not seek the fruits of that crime, the instrumentalities of that crime or the contraband from that crime, it lacks the constitutionally required nexus to the crime. (ECF No. 75 at 3-4.) However, Defendant's argument improperly narrows the scope of the probable cause analysis and asks the Court to Monday-morning quarterback what was, at the time the Warrant was issued, an ongoing investigation. *See United States v. Gordon*, 173 F.3d 761, 766 (10th Cir. 1999) (when determining whether there was probable cause for a particular action, the Court must consider the facts and circumstances within the officer's knowledge at the time of the action and cannot use the benefit of hindsight).

As the Government points out, at the time the Warrant was issued, Agent Kavanaugh was investigating an ongoing threat to the safety of Grand Junction residents. He did not know whether there was an actual plan to bomb the daycare and kill police officers or whether the comments on Defendant's Facebook page were idle threats. The fact that Defendant was ultimately charged only with making threats does not dictate the limits of the scope of the Warrant at the time it was issued. *United States v. Eisner*, 297 F.2d 595, 597 (6th Cir. 1962). Instead, the Court must determine

whether the Affidavit established probable cause to issue the warrant, considering the totality of the circumstances at the time the Warrant was issued.

"[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 232 (1983). "An affidavit establishes probable cause for a search warrant if the totality of the information it contains establishes the fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Roach*, 582 F.3d 1192, 1200 (10th Cir. 2009) (quoting *United States v. Soderstrand*, 412 F.3d 1146, 1152 (10th Cir. 2005)). Probable cause is measured by a "totality of the circumstances" standard under which the judge makes a "practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Corral*, 970 F.2d 719, 727 (10th Cir. 1992) (internal citation omitted). "Searches conducted pursuant to a warrant are favored, and, as such, the magistrate's determination that probable cause exists is entitled to great deference." *Roach*, 582 F.3d at 1200 (citation omitted).

Defendant contends that the Affidavit did not establish probable cause to search for the vast majority of the information that was permitted under the Warrant. (ECF No. 75 at 4.) For example, Defendant contends that there is no probable cause to search for his "Friends" list, what pages he "liked" or became a fan of, who he may have

"poked", or what items he sold on Facebook's Marketplace. (*Id*. at 4-5.) In essence, Defendant is not arguing about whether there was probable cause to issue the Warrant at all; rather, Defendant is challenging the scope of the warrant and whether the Affidavit established probable cause for such a warrant.

The Court finds that the Warrant was not overbroad and that the Affidavit established probable cause to search for all of the aspects covered by the Warrant. The comments posted on Defendant's Facebook page repeatedly referred to Defendant's "religious operatives and followers" and instructed them to kill cops (generally and a particular list of officers) and to "commit a massacre in the stepping stones preschool and daycare, just walk in and kill everyone". (Aff. ¶ 7.) The comments also said that "nobody in america knows who i have been associating with outside america, we are ready, we are coming back, and we are doing this. and just like i told them, when the cuffs go on the bombs go off." (*Id*. ¶ 9.) Thus, the comments on Defendant's Facebook page plainly indicated that Wheeler was not acting alone, but it failed to provide any insight into with whom he may have been conspiring.

The Affidavit, in turn, states that the purpose of the Warrant is to seize "conspiratorial communications with others" regarding "[t]hreats and threatening communications, incitements to violence, [and] threats to use destructive devices", as well as obtaining "[r]ecords relating to who created, used, or communicated with the user ID, including records about their identities and whereabouts." (*Id.* att. B.) Given the comments on Defendant's Facebook page about the involvement of others in his plans, Agent Kavanaugh could have reasonably believed that information obtained from Facebook, such as who Defendant's "friends" were, what pages he "liked", and who he

"poked", would provide insight into who these other actors were and where they may have been located. The identity and location of these other actors is evidence related to the crime for which Plaintiff was being investigated. Accordingly, Agent Kavanaugh's Affidavit established probable cause for the search of Defendant's Facebook account. *Roach*, 582 F.3d at 1200 (probable cause exists where the totality of the information establishes the fair probability that contraband or evidence of a crime will be found in a particular place).

"The touchstone of the Fourth Amendment analysis is reasonableness." *United States v. Knights*, 534 U.S. 112, 118 (2001). Given the totality of the circumstances facing Agent Kavanaugh at the time he applied for the Warrant, the Court finds that the scope of the Warrant was reasonable. The Court further finds that the Affidavit upon which the Warrant was issued sufficiently established probable cause to believe that the search would lead to evidence of a crime. Accordingly, Defendant's Motion to Suppress Fruits of an Illegal Search is denied.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Suppress Fruits of an Illegal Search (ECF No. 75) is DENIED.

Dated this 16th day of January, 2013.

BY THE COURT:

William J. Martínez
United States District Judge